# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| STEVEN WAYNE HUCKELBA, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CASE NO. 4:10-CV-104-CDL-MSH |
| : | 28 U.S.C. § 2254 |
| MARDY ALLEN, Warden, : | |
| : | |
| Respondent. : | |

_____

## RECOMMENDATION OF DISMISSAL

Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Corpus Rules"). Pursuant to Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition . . . ." Habeas Corpus Rule 4 (emphasis added). Because Petitioner filed his application for a writ of habeas corpus outside the one year statute of limitations, his petition is due to be dismissed under Rule 4.

## BACKGROUND

On December 27, 2006, in the Superior Court of Muscogee County, Petitioner Steven Wayne Huckelba pled guilty to several counts of forgery, identity fraud, printing false check information, and theft by deception. (Doc. 1 at 1-2.) Petitioner was sentenced to 10 years for the forgery and identity fraud (5 to serve), 10 years concurrent to the fraud for printing

fraudulent check information, 10 years consecutive to the fraud for printing checks knowing that the account was assigned to another account holder, and 6 months for the theft by deception to be served concurrent to the fraud. (Doc. 1 at 1-2, 9.) Petitioner did file a direct appeal. (Doc. 1 at 3.)

On April 18, 2008, Petitioner filed a state habeas proceeding in the Dodge County Superior Court claiming ineffective assistance of trial counsel. (Doc. 1 at 4.) Petitioner claims that he has not received any ruling or judgment by the court concerning his state habeas petition. (*Id.*) On September 14, 2010, Petitioner executed his federal application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1 at 27.)

## DISCUSSION

**I.    The AEDPA limitations period**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

>   (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time

> for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336, 1339 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final."* The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By final*,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708.

*Id*. at 1338.

**II. Petitioner's Application is outside the AEDPA one-year limitations period.**

Here, the limitations period has expired and Petitioner's petition is untimely. Petitioner pled guilty and was sentenced on December 27, 2006. Pursuant to O.C.G.A. § 5-6-38 Petitioner had thirty (30) days after his guilty plea and sentencing to file a notice of

appeal.[1]  Petitioner did not pursue a direct appeal.  Therefore, his judgment of conviction became final on January 26, 2007.  The AEDPA statute of limitations thus began to run on Petitioner's Section 2254 action on January 27, 2007 and ended on January 28, 2008.

Petitioner's state habeas corpus petition was not filed until April 18, 2008.  This petition was filed several months after the expiration of the AEDPA statute of limitations, and does not toll the statute of limitations for the federal habeas petition.  *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled").  Thus, Petitioner's federal habeas petition filed on September 14, 2010, more than two years following the expiration of the AEDPA statute of limitations, fails to invoke the jurisdiction of this court.

THEREFORE, IT IS RECOMMENDED that Petitioner's action be **DISMISSED** pursuant to Habeas Corpus Rule 4.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 21st day of September, 2010.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

agh

---

[1]  In Georgia there is "no unqualified right" to a direct appeal from a guilty plea conviction; such appeals will lie only for issues which can be resolved from the face of the record.  *Smith v. State*, 266 Ga. 687, 470 S.E.2d 436 (1996).